Leonard E. Starr, III - VSB #9203
LEONARD STARR, PC
P. O. Box 468
119 Williamsburg Road, VA 23150
Tel 804 737-5216
Fax 804 737-8185
LStarr@Starr-Law.com
    Counsel for the Debtor Defendant
    James Philip Cornett

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond, Division

In re                                   Case # BK 13-35753-KLP
                                          Chapter 7
                                          Case Filed: October 23, 2013

*JAMES PHILIP CORNETT,*
                    *Debtor*

Bank of Virginia                      )
                                )
     Plaintiff                 )
v.                                     )
                                )     Adversary Proceeding # 14-03034-KLP
James Philip Cornett           )
                                )
     Debor Defendant        )
                                )

# MOTIONS

### BY DEBTOR DEFENDANT JAMES PHILIP CORNETT

**NOTICE** Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one) If you do not wish the Court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then within 14-days you must file a written response with the Court, (United States Bankruptcy Court, 701 E. Broad Street, Room 4000, Richmond, VA 23219), explaining your position, and serve a copy on the movant's attorney shown below. Unless a written response is filed and served with this 14-day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing. If you mail your response to the Court for



Page 1 of 10

Cornett 13-35753-KLP
AP 14-03034-KLP
April 3, 2014 1530
Def AP Motions Combined
BOV 523 Complaint

filing, you must mail it early enough so the Court will receive it on or before the expiration of the 14-day period. You must attend a hearing on the motion, if one is scheduled.

## MOTION TO DISMISS

## MOTION TO STRIKE

## MOTION FOR A MORE DEFINITE STATEMENT

## MOTION TO EXTEND RESPONSE TIME

Comes now James Philip Cornett, Debtor Defendant, (Cornett), by counsel, in response to the Complaint and Summons of the Bank of Virginia, ("BOV"), and hereby moves this Court pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure

1. to dismiss this adversary proceeding for failure to state a claim upon which relief can be granted; and/or

2. to strike portions or the whole of the Complaint, and/or

3. for a More Definite Statement by Plaintiff, and

4. to extend the time for Defendant to respond to the Complaint and Summons;

for reasons stated in the following Memorandum. None of Debtor's statements in the following Memorandum are to be construed as "admissions" for any other purpose other than for purposes of the motions. Debtor reserves the right to deny and demand proof for allegations of the Plaintiff which may seem to be admitted herein, but are done so only for purposes of the Motions.

## MEMORANDUM
## IN SUPPORT OF DEBTOR DEFENDANT'S FOUR (4), MOTIONS

### *Procedural History*

(1) James Philip Cornett, an individual residing in the City of Richmond, Virginia, on October 23, 2013, filed in the United States Bankruptcy Court, Richmond Division, a voluntary petition in Chapter 7 bankruptcy pursuant to 11 U.S.C. §301, Case Number 13-35753-KLP.

Page 2 of 10

Cornett 13-35753-KLP
AP 14-03034-KLP
April 3, 2014 1530
Def AP Motions Combined
BOV 523 Complaint

(2) After several administrative resignations of previous appointments, Bruce E. Robinson, was ultimately appointed Chapter 7 Trustee, and is currently serving in that capacity.

(3) A rescheduled 341 Meeting of Creditors, (the Meeting), was conducted by Trustee Bruce E. Robinson, on January 7, 2014, at which hearing Cornett appeared and testified.  At the conclusion of testimony and inquiry, the Meeting  was further adjourned to March 11, 2014.  The March 11, 2014, Meeting was further adjourned and the Meeting is scheduled for resumption on April 14, 2014.

(4) After obtaining an extension to file a Complaint challenging the dischargeability of its debt, the Bank of Virginia, filed this present Adversary Proceeding on March 3, 2014, AP #14-03034.  The Summons was served and Cornett's response is due today April 3, 2014.

### Law and Argument

BOV brings its Complaint citing as its statutory predicate 11 U.S.C. §523(a)(2)(B), which would, if proved, grant non-dischargeability to the BOV's debt for what is commonly referred to as "false financial statement(s)".

*11 U.S.C. § 523*

§ 523.  Exceptions to discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this *title [11 USCS § 727, 1141, 1228(a), 1228(b), or 1328(b)]* does not discharge an individual debtor from any debt--

(1) [Omitted - Not Relevant]

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by--

  (A) [Omitted - Not Relevant]

  (B) use of a statement in writing--
    (i) that is materially false;
    (ii) respecting the debtor's or an insider's financial condition;
    (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
    (iv) that the debtor caused to be made or published with intent to deceive; or
  [Highlighting Supplied]

To state a claim upon which relief can be granted, the BOV must allege in its Complaint, facts to support each of the elements of its statutory predicate, and such facts must be sufficient and not vague

Page 3 of 10

Cornett 13-35753-KLP
AP 14-03034-KLP
April 3, 2014 1530
Def AP Motions Combined
BOV 523 Complaint

or ambiguous, such that the Defendant may reasonably prepare a response.  The BOV has not done so.

Plaintiff must plead with sufficient clarity the following elements of the cause of action.

1. The "Debt"
2. To the "Extent Obtained by" [Statement(s)]
3. Statement must be "in writing"
4. Statement must be "materially false"
5. Statement must be "respecting debtor's or an insider's financial condition"
6. On which [statement(s)] creditor must have "reasonably relied"
7. Debtor must have "caused to be made or published" [Statement(s]
8. Debtor must have been "caused" or 'published" [Statement(s)] with "intent to deceive"

### *Debt - Virginia Motorsports*

BOV pleads two loans it allegedly made one to "The Virginia Motorsports, LLC Loan", (Complaint ¶7.) and the other to "The Cornett Hospitality, LLC Loan",   (Complaint ¶15.)

To evidence the "loan" to Virginia Motorsports,LLC,(VM), Plaintiff attaches Exhibits #1, #2 and #3. (Complaint ¶9, ¶10., ¶13)

*Exhibit #1* - Appears to be a "Note" in the amount of $850,000.00 dated February 9, 2007, by "Borrower" Virginia Motorsports, LLC; Lender: Bank of Virginia.  The signature page displays a physical signature purporting to be Daniel B. Wilkins Sr. Manager of Virginia Motorsports, LLC.  The font print type size of most of the terms and text in Exhibit #1, (and perhaps in the original document?), appears to be 6 Points or less, which is an unreasonable small print size for a legal document.  In addition parts of the Exhibit are hard to read or are unreadable. The small print type size coupled with questions of readability suggest the lack of informed consent by the parties and therefore, the failure of basic contract formation.  This also brings into question the appropriateness of these documents to serve as Exhibits in this Adversary Proceeding.

*Exhibit #2* - Appears to be a "COMMERCIAL GUARANTY" dated September 22, 2006, regarding "Borrower" Virginia Motorsports, LLC; Lender: Bank of Virginia.  The signature page displays a physical signature purporting to be James P. Cornett.  The font print type size of most of the terms and text in Exhibit #2, (and perhaps in the original document?), appears to be 6 Points or less, which is an unreasonable small print size for a legal document.  In addition parts of the Exhibit are hard

Page 4 of 10

Cornett 13-35753-KLP
AP 14-03034-KLP
April 3, 2014 1530
Def AP Motions Combined
BOV 523 Complaint

to read or are unreadable. The small print type size coupled with questions of readability suggest the lack of informed consent by the parties and therefore, the failure of basic contract formation.  This also brings into question the appropriateness of these documents to serve as Exhibits in this Adversary Proceeding.

***Exhibit #3*** - Appears to be a default judgment order in Richmond Circuit Court in favor of Plaintiff, Bank of Virginia against J. Phillip Cornett a/k/a James P. Cornett, dated August 31, 2011, in the amount of $890,267.57, plus interest and attorney fees.

### *Debt - Cornett Hospitality*

To evidence the "loan" to Cornett Hospitality,(CH), Plaintiff attaches Exhibits #4, #5 and #6.  (Complaint ¶17, ¶18., ¶21)

***Exhibit #4*** - Appears to be a "PROMISSORY NOTE" in the amount of $1,789,991.48 dated June 22, 2010, by "Borrower" Cornett Hospitality, LLC; Lender: Bank of Virginia.  The signature page displays a physical signature purporting to be J Philip Cornett, Manager/Member/Chairman of Cornett Hospitality LLC.  The font print type size of most of the terms and text in Exhibit #4, (and perhaps in the original document?), appears to be 6 Points or less, which is an unreasonable small print size for a legal document.  In addition parts of the Exhibit are hard to read or are unreadable. The small print type size coupled with questions of readability suggest the lack of informed consent by the parties and therefore, the failure of basic contract formation.  This also brings into question the appropriateness of these documents to serve as Exhibits in this Adversary Proceeding.

***Exhibit #5*** - Appears to be a "COMMERCIAL GUARANTY" dated June 22, 2010, regarding "Borrower", Cornett Hospitality LLC; Lender: Bank of Virginia.  Guarantor: J Phillip Cornett.  The signature page displays a physical signature purporting to be James P. Cornett.  The font print type size of most of the terms and text in Exhibit #5, (and perhaps in the original document?), appears to be 6 Points or less, which is an unreasonable small print size for a legal document.  In addition parts of the Exhibit are hard to read or are unreadable. The small print type size coupled with questions of readability suggest the lack of informed consent by the parties and therefore, the failure of basic contract formation.  This also brings into question the appropriateness of these documents to serve as Exhibits in this Adversary Proceeding.

***Exhibit #6*** - Appears to be copy of an unsigned, not entered "Consent Judgment Order" in Richmond Circuit Court in favor of Plaintiff, Bank of Virginia against, among others, Cornett Hospitality, LLC and  J.

Page 5 of 10

Cornett 13-35753-KLP
AP 14-03034-KLP
April 3, 2014 1530
Def AP Motions Combined
BOV 523 Complaint

Phillip Cornett a/k/a James P. Cornett, in the amount of $1,854,141.72, plus interest and attorney fees.  Plaintiff, calls this Exhibit #6 in ¶21 of the Complaint, "The CH guaranty Judgment order is attached as **Exhibit 6**."

This unexplained, unsigned, not entered document, suggests no such judgment order has been entered.

### [Debt] To Extent Obtained by [Statement] Statements in Writing

The "statement(s) in writing" alleged by the Plaintiff are in ¶24 which refer to Exhibits #7 and #8.

**Exhibit #7** - Appears to be copy of a redacted unsigned, "Personal Financial Statement" of James Philip Cornett".  The notation "J. Philip Cornett, electronically signed 1/17/2007" is insufficient to be a "writing" as required by 11 U.S.C. §523(a)(2)(B).  Additionally, there is no allegation that the document is "complete" and actually on its face it is incomplete, as it notes "Tax Return for 2005 (year) Attached" which Tax Return was not attached to Exhibit #7.

**Exhibit #8** - Appears to be copy of a redacted unsigned, "Personal Financial Statement" of James Philip Cornett", "Prepared for StellarOne Bank".  The font print type size of most of the terms and text in Exhibit #8, (and perhaps in the original document?), appears to be 6 Points or less, which is an unreasonable small print size for a legal document.  In addition parts of the Exhibit are hard to read or are unreadable. The small print type size coupled with questions of readability suggest the lack of informed consent by the parties and therefore, the failure of basic contract formation.  This also brings into question the appropriateness of these documents to serve as Exhibits in this Adversary Proceeding.

The last page of Exhibit #8 labeled "6 of 6" and also contradictorily "Page 1", bears the notation "C&F Bank Confidential) and a date 7/24/2009 (could be 7/24/208).  This Exhibit #8 is not a "writing" within the meaning of 11 U.S.C. §523(a)(2)(B)

Debtor refers at ¶24 of the Complaint to "a number of written financial statement to Lender, including, but not limited to, the financial statements attached as Exhibit 7 and Exhibit 8.  These statements are not described, nor alleged to be materially false, and the degree of reliance, if any on these additional documents is not alleged.  Nor are there any needed allegations of the time and date and circumstances of delivery to the Lender of Exhibits #7 & #8.

Page 6 of 10

Cornett 13-35753-KLP
AP 14-03034-KLP
April 3, 2014 1530
Def AP Motions Combined
BOV 523 Complaint

### *Statement Materially False*

Plaintiff must allege facts that show that the "statement(s)" are "materially false". Plaintiff did not do so. It is insufficient to simply allege a conclusion. Plaintiff simply makes a conclusionary allegation in ¶26 of the Complaint:

> "Based on the Debtor's testimony at the initial meeting of creditors, the financial statements, referenced in paragraph 24, are, and were when delivered to the Lender materially false."

What testimony? What materially false items? When? Debtors financial affairs are complicated. Plaintiff, does not identify what specific testimony it is referencing at the meeting of creditors, nor does it specify what items in the alleged financial statements are alleged to be "materially false", nor does it specify "when" [the statements] were delivered to the Lender and under what circumstances.

Debtor refers at ¶24 of the Complaint to "a number of written financial statement to Lender, including, but not limited to, the financial statements attached as Exhibit 7 and Exhibit 8. These statements are not described, nor alleged to be materially false, and the degree of reliance, if any on these additional documents is not alleged.

### *Creditor Must have "Reasonably Relied"*

Plaintiff alleges at ¶8. of the Complaint that it approved the loan to VM "in large part, based on the Debtor's financial strength including his cash flow, liquidity and personal assets listed on written financial statements..." Such language "in large part" does not reach the degree of "reasonable reliance" required by 11 U.S.C. §523(a)(2)(B).

Likewise with respect to the CH Loan, Plaintiff alleges at ¶16 of the Complaint that it approved the loan to CH "in large part, based on the Debtor's financial strength, including his cash flow, liquidity and personal assets listed on written financial statements ..."  Such language "in large part" does not reach the degree of "reasonable reliance" required by 11 U.S.C. §523(a)(2)(B).

And in ¶23 although not citing the alleged financial statements, Plaintiff alleges "The Lender loaned money to VM and CH, ... based in large part on the financial strength of the Debtor. Such language "based in large part" does not reach the degree of "reasonable

Page 7 of 10

Cornett 13-35753-KLP
AP 14-03034-KLP
April 3, 2014 1530
Def AP Motions Combined
BOV 523 Complaint

reliance" on written financial statement(s) required by 11 U.S.C. §523(a)(2)(B) .

Debtor refers at ¶24 of the Complaint to "a number of written financial statement to Lender, including, but not limited to, the financial statements attached as Exhibit 7 and Exhibit 8. These statements are not described, nor alleged to be materially false, and the degree of reliance, if any on these additional documents is not alleged.

### Debtor Must have "Caused" Statement(s) to be "Made" or "Published"

Plaintiff has not alleged with sufficient specificity the dates and circumstances whereby it alleges the Debtor "made" or "published" the alleged financial statements. Such lack of specificity is sufficiently vague or ambiguous that Defendant cannot reasonably prepare a response.

### With "Intent to Deceive"

Nowhere in the Complaint does the Plaintiff allege in its Complaint the required element that the Debtor caused or made to be published false financial statement(s) "with intent to deceive". This alone, make Plaintiff's Complaint subject to dismissal.

### Respecting Debtor or Insiders Financial Condition

The statute to reach non-dischargeability requires that the alleged false financial statement(s) be respecting the "debtor or an insiders Financial Condition". The two alleged financial statements attached as Exhibits #7 and #8 appear to be related to the Debtor Defendant James Philip Cornett, but other entities are named. To the extent that Plantiff would claim that any of the entities referred to in financial statements are "insiders", it has not made the appropriate and specific time related allegations of "insider" status between the debtor and any named entities. General allegations such as ¶5 and ¶6 of the Complaint referring to "at all times relevant to the Case", lack specificity and are insufficient.

### Conclusion

The Bank of Virginia Complaint fails to allege the critical element of 11 U.S.C. §523(a)(2)(B) that any alleged false financial statement(s) must have been caused or published with **"intent to deceive"**.

Page 8 of 10

Cornett 13-35753-KLP
AP 14-03034-KLP
April 3, 2014 1530
Def AP Motions Combined
BOV 523 Complaint   •

***Time and circumstances references*** in the Complaint are either missing or only "at all times relevant to the Case", which are insufficient. Such time and circumstance allegations, or lack thereof, are sufficiently vague or ambiguous that Defendant cannot reasonably prepare a response.

Plaintiff does not allege what in the alleged financial statements are ***"materially false"***. Such lack of specificity is sufficiently vague or ambiguous that Defendant cannot reasonably prepare a response.

Use by the Plaintiff of the phrase "based in large part" does not reach the degree of ***"reasonable reliance"*** required of a creditor with respect to an alleged false financial statement under 11 U.S.C. §523(a)(2)(B). Such lack of specificity is sufficiently vague or ambiguous that Defendant cannot reasonably prepare a response.

Sizable portions of Plaintiff's Exhibits #1, #2, #4 #5, and #8 appear to have a font print type size of 6 Points or less, which is an unreasonable ***small print size*** for a legal document. In addition parts of the Exhibits are hard to read or are unreadable. The small print type size coupled with questions of readability suggest the lack of informed consent by the parties and therefore, the failure of basic contract formation. This also brings into question the appropriateness of these documents to serve as Exhibits in this Adversary Proceeding.

Plaintiff's Exhibit #6 – Appears to be copy of an unsigned, not entered ***"Consent Judgment Order"*** in Richmond Circuit Court in favor of Plaintiff, Bank of Virginia against, among others, Cornett Hospitality, LLC and J. Phillip Cornett a/k/a James P. Cornett, in the amount of $1,854,141.72, plus interest and attorney fees. Plaintiff, calls this Exhibit #6 in ¶21 of the Complaint, "The CH guaranty Judgment order is attached as **Exhibit 6**." The conclusion from the pleadings can only be there is no such entered Judgment order.

Plaintiff's Exhibit #7 alleged to be a financial statement of the Debtor Defendant is ***not a "writing"***. The notation "J. Philip Cornett, electronically signed 1/17/2007" is insufficient to be a "writing" as required by 11 U.S.C. §523(a)(2)(B). Nor are there sufficient allegations of the date and circumstances that this exhibit was "cause" or "published" by the Debtor within the meaning of §523(a)(2)(B)(iv). Such lack of specificity is sufficiently vague or ambiguous that Defendant cannot reasonably prepare a response.

Page 9 of 10

Cornett 13-35753-KLP
AP 14-03034-KLP
April 3, 2014 1530
Def AP Motions Combined
BOV 523 Complaint

**WHEREFORE**, James Philip Cornett prays that the Adversarial Complaint be dismissed with prejudice, or in the alternative that the Complaint be stricken, with prejudice, or in the alternative that the Court order the Plaintiff to file a more definite statement; and that the Court extend the time within which Debtor Defendant must file a response,(including, but not limited to additional motions, an Answer and a Counterclaim or Cross Claim, etc.), to the Complaint; and that no order be entered to his prejudice, and that he be awarded his attorney fees and costs, and such other relief as shall be deemed appropriate.

JAMES PHILIP CORNETT

/s/ Leonard E. Starr, III

By Counsel

April 3, 2014

Leonard E. Starr III
Leonard Starr PC
P.O. Box 468
119 W. Williamsburg Road
Sandston, VA  23150
Tel 804 737-5216
Fax 804 737-8115
(Counsel for James Philip Cornett,
Debtor Defendant)
 VSB #9203)

PROOF OF SERVICE

I certify that on April 3, 2014, I mailed (unless otherwise indicated) first class, prepaid postage a copy of the foregoing to the following.

/s/ Leonard E. Starr, III

Leonard E. Starr, III

Paul K. Campsen, Esquire
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 1900
P.O. Box 3037
Norfolk, VA 23510
(Counsel for Plaintiff
Bank of Virginia)
(1st Class Mail and Via ECF)

Cornett 13-35753-KLP
AP 14-03034-KLP
April 3, 2014 1530
Def AP Motions Combined
BOV 523 Complaint